UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

**WELLS FARGO BANK, N.A.**           **CIVIL ACTION NO 3:21-CV-0533**

**VERSUS**           **JUDGE TERRY A. DOUGHTY**

**FOREMOST INSURANCE COMPANY**           **MAG. JUDGE KAYLA D. MCCLUSKY**
**GRAND RAPIDS, MICHIGAN, ET AL**

**MEMORANDUM RULING**

Before the Court is an Unopposed Motion for Summary Judgment [Doc. No. 28], filed by Defendant and Plaintiff-In-Interpleader, Foremost Insurance Company, Rapides Michigan ("Foremost"). As the Motion says, it is unopposed. For the reasons set forth herein, Foremost's Motion is GRANTED.

**I.   BACKGROUND**

On March 2, 2021, Plaintiff, Wells Fargo Bank, N.A. ("Wells Fargo") filed a Complaint against Foremost, Barbara Ann Allen ("B. Allen") and Emma Allen ("E. Allen"). The Complaint alleged Foremost issued an insurance policy covering property located at 4862 Hwy. 15, Mangham, Louisiana, that was owned by B. Allen and E. Allen.

It was further alleged that on February 14, 2017, the property suffered an insurable loss. The loss totaled $76,000.00. Wells Fargo is the holder of the mortgage that encompasses B. Allen and E. Allen's property. Wells Fargo alleges it is owed more than the $76,000.00 loss on their mortgage and is entitled to the proceeds from Foremost's policy of insurance under the terms of the Foremost insurance policy and the terms of Wells Fargo's mortgage.

On May 12, 2021, Foremost filed a Third-Party Complaint and Crossclaim for Interpleader [Doc. No. 12], naming as defendants-in-interpleader, Wells Fargo, B. Allen, E.

Allen and Willie Hunter, Jr. In the Interpleader, Foremost seeks to deposit into the registry of the court, proceeds totaling $76,000.00, the proceeds from Foremost's policy of insurance. Foremost alleges that there are conflicting claims to the insurance proceeds.

Thereafter, on December 17, 2021, Foremost filed the pending Unopposed Motion for Summary Judgment [Doc. No. 28], asking for the Court to determine (1) that the Interpleader is proper and (2) dismissing Foremost as a disinterested stakeholder.

## II.     LAW AND ANALYSIS

Pursuant to a claim made under the Foremost policy of insurance, Foremost has tendered the full policy limits of the policy to defendants-in-intervention. The defendants-in-intervention cannot agree to the apportionment of the funds between themselves. Foremost has declared it has no interest in the insurance proceeds.

According to Federal Rule of Civil Procedure Rule 22, to sustain an action for interpleader under Rule 22, the plaintiff-in-interpleader must establish: (1) that the amount in controversy exceeds $75,000.00; (2) complete diversity of citizenship between the parties; and (3) that the plaintiff-in-interpleader is exposed to multiple liability. All three requirements are met. The amount in controversy is $76,000.00. Plaintiff-in-interpleader is a citizen of Michigan and Defendants-in-interpleader are citizens of Louisiana, California, and South Dakota. The Defendants-in-interpleader have all made claims for the Foremost insurance proceeds. Therefore, the interpleader is proper.

Foremost asks to be dismissed as a disinterested Plaintiff-in-interpleader. There have been no objections by defendants-in-intervention to this. In an interpleader action, the Court may discharge the Plaintiff-in-interpleader from further liability and enter an order restraining claimant from institution or prosecuting any proceeding affecting the property involved in the

interpleader action. *Auto Parts Mfg., Mississippi, Inc. v. King Const. of Houston, LLC* 782 F.3d 186, 195 (5th Cir. 2015). Additionally, interpleader statutes and rules are liberally construed to protect the stakeholder from the expense of defending twice, and to protect the stakeholder from double liability. *In re Bohart*, 743 F.2d 313 (5th Cir. 1984).

A plaintiff-in-interpleader is considered a disinterested stakeholder if: (1) the amount in controversy is deposited into the registry of the court; (2) the stakeholder disavows any interest in the funds; and (3) there is no material controversy involving the stakeholder. *Lexington Ins. Co. v. Guidos*, 2011 WL 3819664 (E.D. La., August 29, 2011).

Foremost has met all requirements to be considered a disinterested stakeholder. Therefore, Foremost is entitled to be dismissed as a disinterested stakeholder.

### III. CONCLUSION

For the reasons set forth herein,

**IT IS ORDERED** that the interpleader filed by Foremost is proper.

**IT IS FURTHER ORDERED** that Foremost is dismissed, in toto, as a disinterested stakeholder, and its obligation deemed discharged under Louisiana law.

MONROE, LOUISIANA, this 10th day of January 2022.

_____
**TERRY A. DOUGHTY**
**UNITED STATES DISTRICT JUDGE**