UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| **WELLS FARGO BANK, N.A.** | **CIVIL ACTION NO 3:21-CV-0533** |
| **VERSUS** | **JUDGE TERRY A. DOUGHTY** |
| **FOREMOST INSURANCE COMPANY GRAND RAPIDS, MICHIGAN, ET AL** | **MAG. JUDGE KAYLA D. MCCLUSKY** |

**MEMORANDUM RULING**

Before the Court is a Motion for Summary Judgment [Doc. No. 30], filed by Plaintiff Wells Fargo Bank, N.A. ("Wells Fargo"). An Opposition [Doc. No. 34] was filed by the Defendants Barbara Ann Allen ("B. Allen") and Emma Allen ("E. Allen") on January 28, 2022.

For the reasons set forth herein, Wells Fargo's Motion for Summary Judgment is GRANTED.

**I.      BACKGROUND**

On March 2, 2021, Plaintiff Wells Fargo filed a Complaint against Foremost Insurance Company Grand Rapides, Michigan ("Foremost"), B. Allen and E. Allen. The Complaint alleged Foremost issued an insurance policy covering property located at 4862 Hwy. 15, Mangham, Louisiana, that was owned by B. Allen and E. Allen.

It was further alleged that on February 14, 2017, the property suffered an insurable loss. The loss totaled $76,000. Wells Fargo is the holder of the mortgage that encompasses the property owned by B. Allen and E. Allen. Wells Fargo alleges it is owed more than the $76,000 loss on their mortgage and is entitled to the proceeds from Foremost's policy of insurance under the terms of the Foremost insurance policy and the terms of Wells Fargo's mortgage.

On May 12, 2021 Foremost filed a Third-Party Complaint and Crossclaim for Interpleader [Doc. No. 12], naming as defendants-in-interpleader, Wells Fargo, B. Allen and E. Allen, and Willie Hunter, Jr. In the Interpleader Foremost sought to deposit into the registry of the court, proceeds totaling $76,000, the proceeds from the Foremost policy of insurance.

Per Judgment [Doc. No. 33], this Court granted Foremost' Motion for Summary Judgment [Doc. No. 28], which allowed Foremost to deposit the $76,000 insurance proceeds into the registry of the Court and dismissing Foremost as an interested stakeholder.

The only remaining parties in this proceeding are Wells Fargo, B. Allen, and E. Allen. The sole issue is who is entitled to the $76,000 insurance proceeds deposited by Foremost.

## II.    LAW AND ANALYSIS

According to the Affidavit of Brian Warnock, ("Warnock"), [Doc. No. 30-1] Warnock is a Specialty Lines Underwriting Specialist with Foremost. He verified that the Foremost policy attached, policy number 381-0069840776 was in effect from May 1, 2016 through May 1, 2017 as to the property of Barbara Allen and Emma Allen located at 4862 Hwy. 15, Mangham, Louisiana, 71259.

According to the Affidavit of Chantel Rappold ("Rappold") [Doc. No. 30-2], Rappold is Vice President of Loan Documentation at Wells Fargo. Rappold verified that on March 31, 1999, Barbara Ann Allen and Emma Diane Allen executed a mortgage on their property at 4862 Hwy. 15, Mangham, Louisiana 71259 in favor of Long Beach Mortgage Company. Rappold also verified that the Long Beach Mortgage Company mortgage was subsequently assigned to America's Servicing Company, which subsequently merged into Wells Fargo.

Rappold further verified that a foreclosure on the property was instituted on August 19, 2013, and that the property was sold to a third-party purchaser for $8,334.00 on or about August

2

15, 2018. Rappold further verified that at the time of the foreclosure sale, Wells Fargo was owed at least $88,503.03 under the mortgage, and after all credits for the sheriff sale Wells Fargo is currently owed at least $80,169.03 under the mortgage.

Therefore, Wells Fargo maintains it is entitled to the entire $76,000 proceeds from the Foremost policy.

In their Opposition B. Allen and E. Allen argue there is a genuine issue of fact whether Wells Fargo is owed $76,000. They attached a copy of a statement from Wells Fargo dated July 17, 2017, which shows an unpaid principal balance of $49,354.97 [Doc. No. 34 p. 17]. However, although the principal balance was $49,354.97, the statement also shows overdue payments from April 1, 2013, through July 1, 2017, of $33,195.76, unpaid late charge(s) of $255.36, other charge(s) of $15.00, and an unpaid advance balance of $4,024.60 which totals $86,845,69. This amount is consistent with the amount Wells Fargo maintains is owed. Defendants made no attempt to calculate or even approximate the amount owed. The amount Wells Fargo maintains is owed is backed up by the affidavit of Rappold. Defendants' amount is not supported by any evidence that can be considered in a Motion for Summary Judgment.

The language of the Foremost policy shows Wells Fargo is entitled to receive the entire proceeds. The declarations page of the policy contains a "mortgagee designee" naming America's Servicing Company ISAOA, now Wells Fargo, as the first and only mortgagee for the property. [Doc. No. 30-1 p. 11]. Additionally, Section 9 of the Policy Conditions contains a mortgagee clause which states as follows:

> Mortgagee: An insured loss will be payable to the mortagee(s) named on the Declarations Page, to the extent of their interest and in their order of precedence. [Doc. No. 30-1, Page 16, Section 9].

Since this policy was issued for property located in Louisiana, the substantive law of Louisiana controls. *Pierce v. Allstate Ins. Co.,* 542 F.Supp. 2d 495, 498-99 (E.D. La. 2008).

An insurance policy is a contract between the parties and should be construed by using the general rules of interpretation of contracts set forth in the Louisiana Civil Code. Words in an insurance contract must be given their general meaning, and courts must enforce the clear and unambiguous language of an insurance policy. *Winbourne v. Wilshire Ins. Co.,* 2019 WL 1748541 (W.D. La. April 18, 2019).

The words of the policy are clear and unambiguous. Wells Fargo is entitled to receive the full amount of the Foremost insurance proceeds totaling $76,000.

### III. CONCLUSION

For the reasons set forth herein, the Motion for Summary Judgment filed by Wells Fargo [Doc. No. 30] is GRANTED.

MONROE, LOUISIANA, this 31st day of January 2022.

_____
**TERRY A. DOUGHTY**
**UNITED STATES DISTRICT JUDGE**